UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| R. EVERETT BASSIE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-00891 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

Pending before the Court is the defendant's, Bank of America, N.A. ("Bank of America"), motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Docket No. 3), the plaintiffs', R. Everett Bassie and Eranda F. Bassie ("the plaintiffs"), response (Docket No. 6), and Bank of America's reply (Docket No. 10).  Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby GRANTS Bank of America's motion to dismiss.

### II.    FACTUAL BACKGROUND

This case concerns a mortgage foreclosure dispute.  On February 14, 2003, the plaintiffs executed a Note payable to America's Wholesale Lender in the amount of $261,755.00, along with a Deed of Trust, for the purchase of a house located at 14818 Honeymoon Bridge, Sugarland, Texas.  The Note and Deed were subsequently transferred to Bank of America.

The plaintiffs claim that after the Note was transferred in April of 2009, they noticed an escalation in their monthly mortgage payments and, as a result, they made inquiries regarding the assignment and transfer of mortgage and for an analysis of their escrow account.  The plaintiffs assert that after several months of experiencing dilatory tactics by Bank of America, they were

approved for the "loan workout alternative" through the Home Affordable Mortgage Program ("HAMP"),[1] which offered them a "loan trial period" between January and March 2010. The plaintiffs claim that despite their continued requests for a final decision, they never received a response from Bank of America regarding the permanent loan modification. Ultimately, the house was posted for foreclosure sale, which was scheduled for February 7, 2012, but it appears that the district court of Fort Bend County, Texas, granted the plaintiffs' motion to temporarily enjoin the sale.[2] Bank of America timely removed the case to this Court on the basis of diversity of citizenship.

The plaintiffs assert claims for: (1) breach of contract based on Bank of America's alleged violations of HAMP guidelines and regulations of the Department of Housing and Urban Development ("HUD"); (2) "wrongful foreclosure" based on violations of the Texas Property Code; (3) violations of the Texas Debt Collection Practices Act ("TDCA"); and (4) negligence.

## III.   CONTENTIONS OF THE PARTIES

### A.   The Defendant's Contentions

Bank of America argues that the breach of contract claims should be dismissed because there is no provision in the Note or Deed requiring it to act in accordance with HAMP guidelines or HUD regulations and the plaintiffs are merely attempting to raise a private cause of action to enforce those regulations, which is not allowed by law. Bank of America contends that the "wrongful foreclosure" claim under the Texas Property Code also fails because it complied with the statute, and, in any event, because no foreclosure sale has occurred, the plaintiffs' claim is

---

[1] HAMP was established pursuant to the authority provided in the Emergency Economic Stabilization Act of 2008. *See Cade v. BAC Home Loans Servicing, LP*, NO. H-10-4224, 2011 WL 2470733, at *2-3 (S.D.Tex. June 20, 2011).

[2] Bank of America has noted that the foreclosure sale has not occurred, a representation that the plaintiffs have not disputed.

premature. Bank of America further argues that the claim under the TDCA should be dismissed because its alleged conduct does not constitute "debt collection" under the statute. Lastly, Bank of America argues that it has no legally cognizable duty to the plaintiffs upon which a negligence claim can be based and such a claim is further barred by the "economic loss rule," *i.e.*, a tort claim is not proper when the only injury alleged is one for economic damages.

**B.    The Plaintiffs' Contentions**

The plaintiffs contend that the HUD regulations were specifically incorporated into the Note and Deed, and, therefore, they may raise a breach of contract claim based on Bank of America's failure to comply with the regulations. They also argue that the case law precluding private rights of action through HAMP does not apply because their breach of contract claim is not "wholly dependent on" HAMP. The plaintiffs allege that their claim under the TDCA should not be dismissed because Bank of America is, in fact, a "debt collector" and it harassed and subjected the plaintiffs to emotional distress while attempting to collect debt. Regarding their negligence claim, the plaintiffs argue that, pursuant to the terms of the Note and Deed, Bank of America failed to fulfill its duty to, *inter alia*, provide notice of transfer, assignment or sale of the Note, to properly manage the loan and escrow account and to comply with the notice provisions in the Deed.

**IV.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v.*

*McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Moreover, when considering a 12(b)(6) motion to dismiss, the Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to

dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

V.     **ANALYSIS AND DISCUSSION**

The Court grants Bank of America's motion to dismiss because the plaintiffs have failed to state a claim upon which relief can be granted.

     A.     **Breach of Contract**

Under Texas law, to prove a breach of contract claim, a plaintiff must establish: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.-Houston [14th Dist.] 2005, pet. denied)).

The plaintiffs allege that they met all of their contractual obligations to secure a loan modification under the Home Affordable Mortgage Program ("HAMP") but Bank of America has "failed to review and process all applications in a fair and objective fashion per its agreement under" HAMP.  The law is clear, however, that HAMP does not confer a private cause of action upon mortgagors like the plaintiffs.  *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012) (noting that "[c]ourts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers"); *Miller v. Chase Home Fin., Inc.*, 677 F.3d 1113, 1116 (11th Cir. 2012) (no private cause of action under HAMP); *see also Easley v. Federal Nat. Mortg. Ass'n*, No. 4:10-cv-03734, 2011 WL 6002644, at *5 (S.D.Tex. Nov. 30, 2011) (collected cases).  Since there is no private cause of action pursuant to HAMP, the Court concludes that the plaintiffs' breach of contract claim, which is premised upon alleged violations of HAMP guidelines, must be dismissed.  *See Denley v. Vericrest Fin., Inc.*,

No H-12-992, 2012 WL 2368325, at *2 (S.D.Tex. June 21, 2012) (dismissing breach of contract claim based on alleged violations of HAMP regulations); *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-cv-03519, 2012 WL 1059043, at *4-5 (S.D.Tex. March 28, 2012) (rejecting breach of contract claim under HAMP); *see also Nolasco v. CitiMortgage*, Inc., No. H-12-1875, 2012 WL 3648414, at *3 (S.D.Tex. Aug. 23, 2012) (noting the plaintiff's concession that she "cannot base a breach of contract claim on a HAMP" violation).[3]

Similarly, the plaintiffs' breach of contract claim based on Bank of America's alleged failure to comply with regulations of the Department of Housing and Urban Development ("HUD") must be dismissed because those regulations, too, do not provide for a private cause of action. *See Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360-362 (5th Cir. 1977) (no private cause of action for alleged failure to comply with guidelines of HUD handbook); *Denley*, 2012 WL 2368325, at *2 (HUD regulations "do no create or provide a private cause of action for a mortgagor" and, as such, the breach of contract claim was dismissed); *see also Cavil v. Trendmaker Homes, Inc.*, No. G-10-304, 2010 WL 5464238, at *5 (S.D.Tex. Dec. 29, 2010).

*Baker v. Countrywide Home Loans, Inc.*, No. CV-0916-B, 2009 WL 1810336, at *5 (N.D.Tex. June 24, 2009), upon which the plaintiffs rely, is distinguishable. In *Baker*, the court held that a violation of HUD regulations may create a private cause of action if the regulations are "explicitly incorporated" into the agreement. *Baker*, 2009 WL 1810336, at *5. Here, the plaintiffs assert that HUD regulations are incorporated into the Note and Deed, but, as Bank of America notes, the plaintiffs have failed to cite to any language in those documents to support

---

[3]In an attempt to bypass the overwhelming legal authority against them, the plaintiffs argue that because their breach of contract claim is "independent of violation of a HAMP agreement," the case law precluding private rights of action through HAMP does not apply. The Court rejects that argument because a reasonable reading of the petition establishes that the plaintiffs' breach of contract claims are, in fact, based on (and dependent upon) alleged HAMP (and HUD) violations.

their claim.[4] In fact, a review of the documents (provided by Bank of America) establishes that HUD regulations are not incorporated into the contract. Therefore, even under the holding in *Baker*, the breach of contract claim still fails.[5]

### B. Wrongful Foreclosure

The plaintiffs appear to argue that the "attempted" foreclosure of their house was wrongful under §51.002 of the Texas Property Code because they raised issues regarding their loan and payment history and Bank of America did not respond to their application for a loan modification and payment history. Under the law, however, claims under §51.002 may arise only after the completion of the foreclosure and the mortgagor must have lost possession of the home. *See Denley*, 2012 WL 2368325, at *3 (no claim for "wrongful foreclosure" until after the foreclosure has taken place); *Kew v. Bank of America, N.A.*, No. H-11-2824, 2012 WL 1414978, at *6 (S.D.Tex. April 23, 2012) (because §51.002 "outlines the procedures for conducting a foreclosure sale, claims for violating its notice requirements are cognizable only after a foreclosure"); *Motten v. Chase Home Finance*, 831 F.Supp.2d 988, 1007 (S.D.Tex. 2011) ("courts in Texas do not recognize" an action for "attempted" wrongful foreclosure; individuals cannot recover on a theory of wrongful foreclosure if they have not lost possession of their home). Here, Bank of America has noted that the foreclosure sale has not occurred, a

---

[4]In their response, the plaintiffs mention that the Note and Deed of Trust state that the agreements are "governed by federal law, explicitly." The plaintiffs' argument is not a model of clarity but, to the extent they may be arguing that a reference to federal law in general automatically incorporates HUD regulations into the contract, the Court finds such argument unpersuasive. "Federal law" is a general phrase and the contract cannot be read to incorporate specific regulations from HUD or any other agencies unless they are explicitly mentioned in the agreement.

[5]The plaintiffs assert that the following cases have approved breach of contract claims based on alleged violation of HAMP and HUD guidelines: *Smith v. Citimortgage, Inc.*, No. 4:10-CV693, 2012 WL 629058, at *2 (E.D.Tex. Feb. 27, 2012); *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *3-4 (N.D. Tex. Feb. 21, 2012); and *Watson v. Citimortgage, Inc.*, 814 F.Supp. 2d 726, 731-733 (E.D.Tex. 2011). The Court disagrees because the breach of contract claims in those cases were not specifically based on an alleged failure to comply with either HAMP or HUD regulations.

representation that the plaintiffs have not disputed. Therefore, since there has been no foreclosure and the plaintiffs are still in possession of their home, their claim must be dismissed.

### C. The Texas Debt Collection Practices Act

The plaintiffs claim a violation of the TDCA because they "were harassed and subjected to emotional duress while [Bank of America] attempted to collect the debt. Specifically, [Bank of America]" failed to timely respond to the plaintiffs' attempt to cure and obtain a loan modification. The plaintiffs' claim seems to be based on TEX. FIN.CODE § 392.302, which prohibits a collector from, *inter alia*, harassing, annoying, threatening, or abusing a person during debt collection efforts. Preliminarily, the Court finds the plaintiffs' conclusory statement that they were harassed and subjected to emotional duress insufficient to raise a claim under the statute. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *see also Denley*, 2012 WL 2368325, at *3. As far as the allegation that Bank of America failed to respond to the plaintiffs' attempt to cure and obtain a loan modification, the Court concludes that it is not ground for relief under the TDCA. *See Denley*, 2012 WL 2368325, at *3 (a claim for "harassment under § 392.302 does not include a lender's failure to respond to the borrower's cure attempts or its failure to provide modification alternatives"). Further, the Court finds persuasive the holding that "failing to provide information is itself not considered a collection effort." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D.Tex. Feb. 21, 2012) (albeit addressing a common law claim for unreasonable collection efforts, the court concluded that the lender's alleged failure to provide information regarding right to cure or potential loan modification, did not constitute a "collection" effort).

**D.     The Negligence Claims**

To prove negligence, the plaintiffs must establish: (1) that the defendant owed them a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *See Western Investments, Inc., v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Texas, however, does not generally recognize a fiduciary duty between a mortgagor and mortgagee. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-709 (Tex. 1990); *see also Motten*, 831 F.Supp.2d at 1005-1006.

The plaintiffs claim that, based on the loan agreement which specifically incorporated HUD regulations, Bank of America had a duty to provide them with "notice of any transfer, assignment or sale of the note, to properly manage the loan . . . and to comply with the notice provisions contained in the deed of trust." As fully discussed *infra* (discussion, Part A), however, the Note and Deed do not incorporate HUD regulations. Therefore, the Court finds that Bank of America had no duty to the plaintiffs. Accordingly, the negligence claim based on alleged HUD violations is dismissed. *See Denley*, 2012 WL 2368325, at *4 (dismissing negligence claim based on alleged HUD violations); *Motten*, 831 F.Supp.2d at 1006 (rejecting negligence claim because the plaintiffs failed, as "a matter of law," to identify a legally cognizable duty owed to them).

The plaintiffs' negligence claim is further precluded by the "economic loss rule," which provides that "tort damages are generally not recoverable unless the plaintiff suffered an injury that is independent and separate from the economic losses recoverable under a breach of contract claim." *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 301 (Tex.App.-Dallas 2009, no pet.). In this case, the Court finds that the negligent conduct alleged against Bank of America is necessarily based upon the Note and Deed. In other words, any harm that the plaintiffs allegedly suffered

would be based on Bank of America's purported failure to act pursuant to the terms of a "contract," *i.e.*, the Note and Deed. Therefore, the plaintiffs' negligence claim is barred. *See Owens v. Bank of America, NA*, No. H-11-2552, 2012 WL 912721, at *4 (S.D.Tex. March 16, 2012) (dismissing negligence claim because "the sole potential basis for the defendant's liability is contractual in nature by the terms of the Note and Deed of Trust"); *see also Denley*, 2012 WL 2368325, at *4.

The plaintiffs' second negligence claim is based on the Real Estate Settlement Procedures Act ("RESPA"). The plaintiffs seem to claim that, in violation of RESPA, they were not notified of the transfer of their loan to Bank of America. They also claim that the purported "negligence compromises [Bank of America's] legal authority to foreclos[e]" and seek to cancel Bank of America's right to foreclose as a result. The Court finds the plaintiffs' arguments unpersuasive.

Section 2605(c)(1) provides that, "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." The plaintiffs must allege actual damages resulting from the alleged RESPA violation. *See Denley*, 2012 WL 2368325, at *4; *Akintunji v. Chase Home Finance, L.L.C.*, No. H-11-389, 2011 WL 2470709, at *2 (S.D.Tex. June 20, 2011). Furthermore, a court may award statutory damages for a violation of RESPA "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f); *see also Denley*, 2012 WL 2368325, at *4.

The Court agrees that the plaintiffs' claim should be dismissed because they do not allege actual damages or a pattern of noncompliance by Bank of America. *See Denley*, 2012 WL 2368325, at *4; *Akintunji*, 2011 WL 2470709, at *2; *see also Collier v. Wells Fargo Home Mortg.*, No. 7:04-CV-086-K, 2006 WL 1464170, at *3 (N.D.Tex. May 26, 2006) (the claims

pursuant to RESPA were rejected because there was no evidence that the plaintiffs had "suffered from actual damages flowing from any inadequate response or failure to respond" by the bank). The Court is not persuaded by the plaintiffs' claim that the purported "negligence compromises [Bank of America's] legal authority to foreclos[e]" and, therefore, Bank of America's right to foreclose should be cancelled.  *See Denley*, 2012 WL 2368325, at *4 (finding no statutory or case law to support an identical claim).  The Court also notes that, according to the petition and the affidavit of R. Everett Bassie, one of the plaintiffs, Bank of America and the plaintiffs have had various dealings with each other since 2009 and the plaintiffs have known since that year that Bank of America was the transferee servicer of the loan.  Therefore, the portion of the plaintiffs' negligence claim that is based on purported violations of RESPA is also dismissed.

## VI.   CONCLUSION

Based on the foregoing discussion, the Court grants Bank of America's motion to dismiss and, because, under the facts of this case, any amendment would be futile, the dismissal is with prejudice and without leave to amend.

It is so **ORDERED**.

SIGNED on this 13th day of December, 2012.

Kenneth M. Hoyt
United States District Judge